UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONICA LYNN BELL,

        Plaintiff,

v.                                                                            Case No: 6:20-cv-1923-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits. In a decision dated October 30, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from September 15, 2017, through the date of the decision. R. 35. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.**    **Issue on Appeal**

Claimant argues on appeal that the ALJ failed to sufficiently evaluate the opinion of her treating physician, Dr. Desamour. Doc. 18.

**II.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not

>decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*" *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed her claim after March 27, 2017, so the revised regulations apply in this action. Those regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).[2]

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)). "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021).

---

[2] The ALJ may—but is not required to—explain how she considered the remaining three factors (i.e., relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2007) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

### III.     Discussion

Claimant states that Dr. Desamour wrote that she could sit for seven hours in a workday and stand or work for one hour in a workday.  Doc. 18 at 13, citing R. 512.  Also, Claimant states that the physician noted that Claimant would need extra breaks and would have lapses in her concentration and memory due to pain.  *Id*., citing R. 513.  Claimant states further that Dr. Desamour opined that Claimant would be chronically absent from the workplace for more than four days per month until her back pain is under better control.  *Id*., citing R. 514.

Claimant explains that the ALJ determined that Dr. Desamour's opinion was "partially persuasive, with sedentary limits" and found that the physician's "more significant limitations" showing that Claimant would be incapable of full-time work were "inconsistent with largely normal examination findings."  *Id*. citing R. 32.  Claimant states that the ALJ observed that her neurological and motor examination findings were largely normal, with no sensory deficits, there were no problems with her gait, and Claimant's gabapentin, soma, and tramadol provided some relief to her pain.  *Id*.

Claimant argues that the record contradicts the ALJ's determination that the objective medical findings were largely normal since the imaging of her cervical spine showed that she had substantial degenerative changes at C2-C3, C3-C4, C4-C5, and C5-C6, and an MRI of her lumbar spine reflected posterior spondolyolisthesis, disc herniations, and annular tearing at L1-L2, L2-L3, L3-L4, and L4-L5.  *Id*. at 14, citing R. 367-70.  Claimant also states that her physical examinations confirmed that she was in significant pain and that her consistent complaints of pain support Dr. Desamour's conclusion that she would have multiple absences from the workplace every month.  *Id*., citing 447-48, 450, 478, 501, 486.  As such, Claimant argues that the ALJ erred in finding that the physician's opinion was inconsistent.  *Id.* at 14.

Claimant adds that the ALJ's suggestion that the opinion was not reliable because she experienced relief with the medication is undermined by the record. *Id*. at 14-15. Claimant states that she testified that she no longer had access to soma and tramadol because the community clinic where she was treated did not prescribe the medication. *Id*. at 14, citing R. 52. Claimant states that she "noted that she could no longer afford to get those medications from Dr. Desamour." *Id*. Claimant asserts that her current lack of access to the medication undermines the assertion that she was able to receive effective pain relief. *Id*. at 15.

Claimant concludes that the functional limitations Dr. Desamour described were consistent with the medical imaging and the physical examinations throughout the record and the ALJ's evaluation is not supported by substantial evidence. *Id*.[3]

> The following segment of the ALJ's decision is the focus of Claimant's argument: I have also considered the opinions of Dr. Desamour (Exhibits 15F, 16F). I find this opinion partially persuasive, with sedentary limits. The more significant limitations in this opinion, including that she would be precluded from full time work, are inconsistent with largely normal examination findings. Dr. Joseph (Exhibit I 7F) opined that the claimant was unable to work when she had migraines. This opinion is not persuasive. The claimant has not required significant treatment for migraines since 2017 to early 2018. Notes at Exhibit l 3F/2 only note some migraines. These notes indicate the claimant was stable on her regimen (Exhibit 13F/4).
>
> The objective medical evidence is significant for some spinal issues, but the record does not support an inability to sustain or greater limitations than set forth in the residual functional capacity. The evidence shows her neurological/motor examination findings were mostly normal. She had no sensory deficits and her gait was normal (Exhibits IF, 5F, 6F, 1 OF, l 1 F, I 3F and 28F). She reported that Gabapentin, Soma and Tramadol provided relief of her pain (Exhibit 11 F/8). Her low back and migraines were noted to be stable (Exhibit I 3F/4). The claimant testified that, after she took her medications in the morning, she felt better. She denied side effects.

R. 32.

---

[3] The ALJ found that Claimant had the Residual Functional Capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with exceptions. R. 25.

As an initial matter, the Commissioner asserts, and the Court agrees, that Claimant's argument that the ALJ erred in finding that Dr. Desamour's opinion was inconsistent with the objective findings is essentially a request for the Court to re-weigh the evidence. Claimant challenges the inconsistency determination by listing other findings in the record which would require the Court to decide the facts anew and conduct its own comparison of the records and substitute its evaluation of the record in place of the ALJ's. Reviewing the evidence in that manner is improper. *See Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (reversing a district court that "improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision").

Second, it seems that Claimant's argument is raised in a perfunctory manner. Claimant sets forth the ALJ's discussion of Dr. Desamour's opinions and provides the findings of other physicians with respect to Claimant's lumbar and cervical spine, degenerative changes, and pain. Claimant then concludes that Dr. Desamour's functional limitations are actually consistent with the imaging and her physical examinations. Doc. 18 at 12-14. But Claimant fails to explain how the consistency impacts the RFC, which provides for a sedentary limitation. *See id*. In other words, Claimant discusses Dr. Desamour's findings, but she does not explain how the ALJ's alleged error impacted the RFC or the ALJ's ultimate determination. *See Hunter v. Comm'r of Soc. Sec.*, 609 F.App'x 555, 558 (11th Cir. 2015) ("To the extent that administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination."). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)); *see, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant

waived an issue because he did not elaborate on claim or provide citation to authority regarding claim).  The Court finds that Claimant's conclusory statements regarding the lack of substantial evidence are inadequate.

Third, waiver aside, the Court notes that Claimant's description of the ALJ's consideration of Dr. Desamour's opinion with respect to Claimant's medication is inaccurate.  As noted, Claimant states that the ALJ suggested that Dr. Desamour's opinion was not reliable because Claimant experienced relief with medication.  Doc. 18 at 14-15.  But, as the Commissioner points out, the ALJ did not identify the pain relief as a basis for finding Dr. Desamour's opinion to be only partially persuasive.  As discussed, the ALJ found the more significant limitations beyond the sedentary limits in the RFC to be inconsistent with the normal examination findings.  There is no mention of the medication with respect to the "partially persuasive" assignment.  Accordingly, to the extent that it is Claimant's position that the ALJ erred in discounting Dr. Desamour's opinion because of pain relief, this is a mischaracterization of the ALJ's opinion.  As such, the Court does not find that it undermines the ALJ's decision.

Finally, assuming Claimant's argument is not raised in a perfunctory manner and is something more than a request to re-weigh the evidence, the Court still finds that the ALJ's conclusion that Dr. Desamour's opinion is "partially persuasive" is supported by substantial evidence and that the persuasiveness of the opinion was appropriately evaluated.  In determining the RFC, the ALJ thoroughly discusses Claimant's visits with Dr. Desamour in November 2017 and January, May, July, and November 2018.  R. 28, 29, 30.  The ALJ explains that the visits were due to complaints of a headache, chronic neck and back pain, numbness in both feet, and thoroughly describes the results of Dr. Desamour's examinations, MRIs of the cervical and lumbar spine, an evaluation with a neurosurgeon, and the medications taken for relief.  *Id*.  The analysis

addresses the same limitations that Claimant notes regarding Dr. Desamour's opinion on Claimant's ability to sit, stand or walk, lift, and her need for breaks. R. 29-30. The ALJ states that Dr. Desamour opined that Claimant was unable to return to work until her back pain was under better control. R. 30.

Even so, the ALJ also discusses the portion of Dr. Desamour's records that reflect that: there was no sensory or motor deficit; the pain in her shoulder significantly improved and she was able to raise her arm without restriction; the mental status showed that she was in a good mood with normal affect; she had no edema in her extremities with good pulses; she denied having trouble concentrating on things such as reading the newspaper or watching television; denied moving or speaking so slowly that other people could notice; her blood pressure was stable; and the cervicalgia and low back pain were stable on current treatment; and she could frequently type, write, and grasp small objects. R. 28, 29, 30.

Based on the thorough discussion of these records, the Court finds that the ALJ adequately addressed supportability as it relates to Dr. Desamour's articulation of his opinion. The ALJ ultimately found the opinion partially persuasive with respect to the sedentary limits. While the ALJ may not have used the word "supportability," the ALJ's discussion of the physician's opinions and findings is based on that factor.

With respect to consistency, the ALJ's decision addresses the same records that Claimant seeks for the Court to evaluate in support of her contention that the evidence contradicts ALJ's determination that the examination findings were largely normal. The ALJ specifically discussed the results from the MRIs of her cervical spine and the lumbar spine showing the spondylolisthesis and an anterior ligamentous annular tear. 26-27. The ALJ addressed the records from the Florida Spine & Orthopedics and Dr. Joseph who Claimant was referred due to an abnormal MRI of the

brain and cognitive problems which resulted in another MRI of the brain on October 13, 2017 and an electroencephalogram in December 2017. R. 27-28. The ALJ discussed follow-ups with Dr. Joseph; visits to Community Health Centers and Advent Health; and the consultative evaluation with the Office of Disability Determinations. R. 29, 30.

In comparison to the record, the ALJ determined that Dr. Desamour's opinion that Claimant is precluded from full time work is inconsistent. The Court finds that the ALJ's discussion in support of his consistency determination sufficiently addresses the persuasiveness of Dr. Desamour's opinion. The Court concludes that the ALJ's determination regarding Dr. Desamour's opinions is supported by substantial evidence within the record. The Claimant's citation to record evidence does not compel a contrary conclusion. Therefore, the ALJ did not err in finding that Dr. Desamour's opinion was only partially persuasive.

Moreover, to the extent Eleventh Circuit precedent applies[4] to the new regulations regarding the requirement that the ALJ must show "good cause" to discredit the opinion of a treating physician," the Court finds that the ALJ articulated good cause for discrediting Dr. Desamour's opinions when the ALJ showed that they were inconsistent with the other evidence of the record and unsupported by Dr. Desamour's own record.

### IV. Conclusion

Based on the foregoing, the Court finds Claimant's sole assignment of error unpersuasive.

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**;

---

[4] *See Simon v. Comm'r of Soc. Sec.*, 7 F.4th 1094, 1104, n.4 (11th Cir. Aug. 12, 2021) ("[W]e need not and do not consider how the new regulation bears upon our precedents requiring an ALJ to give substantial or considerable weight to a treating physician's opinions absent good cause to do otherwise.").

2. The Clerk is directed to enter judgment for Commissioner and close the case.

**ORDERED** in Orlando, Florida on November 5, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE